### EPPENS *et al. v.* McGRATH.

(*City Court of New York, General Term.* October 26, 1888.)

1. SALE—ACTION FOR PRICE—FRAUD—PROVINCE OF JURY.
   In an action for goods sold, where defendant alleges that the goods were bought on a credit not yet expired, which plaintiffs admit, but give evidence to show that at the time of the sale defendant was insolvent, and had no intention of paying for the goods, thus avoiding the credit, it is error to dismiss the complaint; the question of defendant's insolvency and fraud being for the jury.

2. SAME—PLEADING AND PROOF.
   The fraud relied on to avoid the credit, and resolve the sale into one for cash, may be proved without averring it in the complaint; no arrest being asked for.

Appeal from trial term.

Action by Frederick P. Eppens and others against Thomas McGrath. Complaint dismissed, and plaintiffs appeal.

Argued before NEHRBAS and McGOWN, JJ.

J. George Flammer, for appellants. James J. Byrne, (Charles L. Cohn, of counsel,) for respondent.

NEHRBAS, J. The plaintiffs sued for goods sold and delivered. The defendant admitted the sale and delivery, but alleged a credit of 60 days, which had not expired. This was conceded by plaintiffs, and on the trial they sought to prove the defendant's insolvency at the time of the sale, and such acts on the part of the defendant as would amount to a fraud upon the plaintiffs, and avoid the credit given, and resolve it into a sale for cash. Many facts and circumstances were proven, both by the cross-examination of the defendant and plaintiff's witnesses, which might fairly lead one to believe that at the time the defendant purchased the goods sued for he had no intention of paying therefor. It is idle to detail the various facts and circumstances. At all events, the question of insolvency and fraud should have been submitted to the jury, and it was error to dismiss the complaint.

The plaintiffs had an undoubted right to bring their action in the form they adopted. They set forth their contract of sale and delivery to the defendant for cash. That a credit given may be avoided by the fraud and insolvency of the defendant is elementary, but the fraud need not be averred in the complaint, as an order of arrest has not been asked for. It is an ordinary suit on contract, changed into a sale for cash by the defendant's fraudulent acts. So that the fraud may be proved on the trial without having pleaded it. *Wigand* v. *Sichel,* *42 N. Y. 120; *White* v. *Harrison,* 1 City Ct. R. 482.

There was abundant evidence to go the jury upon the question whether the defendant obtained the goods in suit by fraud, so as to avoid the credit given. and the dismissal of the complaint was error.

Judgment reversed, and new trial ordered, with costs to abide the event.

McGOWN, J., concurs.